**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CRIMINAL ACTION NO. 14-21-DLB**

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                              **REPORT AND RECOMMENDATION**

GERALD GIBBS                                                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant's Motion for Return of Seized Property, filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure on August 9, 2017.  (R. 158). Defendant Gibbs contends that his property was unlawfully seized during the pendency of criminal proceedings commenced against him by the United States in this same action.  The United States filed its Response on August 23, 2017, arguing that Gibbs is barred from filing a motion for the return of seized property under Rule 41(g) long after the Government's initiation—and the Court's final adjudication—of the criminal forfeiture allegation pursuant to 21 U.S.C. § 853.  (R. 159).  On September 1, 2017, the Court entered an Order granting Defendant Gibbs until September 15, 2017, to file a Reply to the Government's Response.  (R. 162).  Defendant Gibbs did not file a Reply, and the matter is now ripe for the issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b).  For the reasons set forth below, it is **recommended** that Defendant Gibbs's Motion (R. 158) be **denied**.

**I.      FACTUAL BACKGROUND**

The record reflects that Defendant Gerald Gibbs has forfeited his interest in the subject property because the forfeiture was already a part of the criminal proceedings in which he was

directly involved. On May 8, 2014, Gibbs was indicted in the United States District Court for the Eastern District of Kentucky, along with two co-defendants, for conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and § 846 ("Count I"). (R. 21). Count II of the Indictment charged Defendant with being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). (*Id.*). The Indictment also included a forfeiture allegation pursuant to 21 U.S.C. § 853 regarding property that Defendant Gibbs allegedly obtained as proceeds from, or used and intended to use to commit and facilitate, the controlled substance violations.[1] (*Id.* at 2).

On September 4, 2014, Defendant was re-arraigned. (*See* R. 135). During these proceedings the Court reviewed the allegations in the Indictment with Defendant Gibbs, specifically noting that "there's a forfeiture count" in addition to Count I and Count II. (*Id.* at 8). In exchange for the Government's agreement to dismiss Count II of the Indictment, Gibbs then pleaded guilty to Count I, without a written plea agreement. (*See* R. 135, at 10-11; R. 163-1, at 1). At that time the Court further informed Gibbs that the U.S. Probation Office would complete a Presentence Investigation Report ("PSR") to calculate his potential sentencing range under the U.S. Sentencing Guidelines, and Defendants would have an opportunity to file objections to that report. (R. 148, at 19-26). The PSR completed by the Probation Office and provided to Defendant's counsel prior to sentencing stated that "[a]ccording to the forfeiture allegation contained in the indictment, Mr. Gibbs will forfeit a 2011 Chevrolet Camaro, a 2011 Chevrolet Traverse, and Chevrolet Silverado." (R. 144, at 13). Mr. Gibbs, by his counsel, filed three objections to the PSR; however, he did not object to the forfeiture. (*See* R. 144, at 17).

---

[1] The property listed in the Indictment consisted of three vehicles: a 2011 Chevrolet Camaro, a 2011 Chevrolet Traverse, and a 2011 Chevrolet Silverado. (*See* R. 21, at 2).

At sentencing, Defendant confirmed that he had received a copy of the PSR and had a chance to review it with his counsel. (R. 145, at 2-3). After an evidentiary hearing the Court indicated that it adopted the PSR. (*See* R. 145, at 206). Defendant was sentenced to 87 months of imprisonment with 3 years of supervised release to follow. (R. 135). The Court's judgment also contained criminal monetary penalties including a $100.00 assessment and an order that "[t]he defendant shall forfeit the defendant's interest in the following property to the United States: All items listed in the Forfeiture Allegation of the Indictment." (*Id.* at 6).[2]

On February 4, 2015, the Court entered a Preliminary Judgment of Forfeiture authorizing the U.S. Marshal to seize and maintain custody of the property listed in the Indictment. (R. 108). While two lienholders filed verified claims regarding the subject property, Defendant Gibbs did not. (*See* R. 116, R. 127). On May 21, 2015, the Court entered a Final Decree and Order of Forfeiture. (R. 142). The assets were returned to their lienholders and the surplus funds from the sale of the forfeited property were deposited by the U.S. Marshals Service to be applied to the storage and maintenance expenses. (R. 146, R. 149). It was not until August 9, 2017, that Gibbs first raised the issue of his forfeiture pursuant to Rule 41(g). (R. 158).

In his Motion for Return of Seized Property, Defendant Gibbs claims that the three vehicles seized by the United States were not used in his alleged criminal activity. (R. 158). Defendant asserts that the Chevrolet Traverse was his wife's vehicle, and that "no drug transactions or any related drug activity" were connected with this vehicle. (*Id.* at 2). Further, he claims that the 2011 Chevrolet Silverado was his "work truck," and while he claims he "drove in it one time to meet

---

[2] Defendant Gibbs filed an appeal of his sentence, which was affirmed by the Sixth Circuit on April 21, 2016. (R. 151). Gibbs then filed a motion for collateral relief pursuant to 28 U.S.C. § 2255. (R. 153). Defendant Gibbs's claim for relief pursuant to § 2255 shall be addressed separately by the Court. Neither the appeal nor the § 2255 Motion addressed the Judgment of Forfeiture at issue here. (R. 108). *See also United States v. Gibbs*, 646 F. App'x 403, 404 (6th Cir. 2016).

the CI" he claims that he "never transferred any drugs with it nor was it related in any way to this drug conspiracy." (*Id.*). Finally, with respect to the third seized vehicle, the 2011 Chevrolet Camaro, Defendant Gibbs claims that "I was trying to sell this vehicle and it was the CI's idea to trade it for drugs." (*Id.*). Defendant Gibbs's Motion also contains an "Inventory Sheet" that lists several thousand dollars' worth of clothing, jewelry, and tools that Gibbs claimed was contained in the vehicles seized by the United States. (*See* R. 158, at 2-3).

Gibbs's Motion further asserts that he has met his burden to show that the property at issue was not connected with the offenses charged in the Indictment. In support, Defendant represents that he "was making payments directly from his checking account on all vehicles in the inventory and movant had a legitimate income of [$]20,000.00 a year at least. It is movant's position that all the other items on the inventory list were legitimate work related tools that he used on his job that were in his work truck when it was seized." (R. 158, at 4). Aside from the unverified representations set forth in his Motion, Defendant cites no other evidence in support of his argument that the property listed in his "Inventory Sheet" was unlawfully seized. (*See* R. 158).

In response to Defendant Gibbs' assertions, the United States contends that Defendant has waived his right to attack the forfeiture by failing to contest or appeal the forfeiture proceedings that took place prior to Defendant's filing of the subject Motion. (*See* R. 159 (citing *United States v. One 1974 Learjet*, 191 F.3d 668, 673 (6th Cir. 1999)). The United States also disputes Defendant's "Inventory Sheet" and claims that "all personal items and contents of the vehicles were returned to the Defendant's family." (R. 159, at 2). An Investigation Report submitted by the United States in support of its Response indicates that "[a]gents cleared the truck of Gibbs' personal effects and tools prior to seizing" the 2011 Chevrolet Silverado, and that "[t]he Camaro and Traverse were searched and personal items removed." (R. 159-1, at 2 ¶¶ 6-7).

4

## II.     ANALYSIS

When the United States seizes property it believes constitutes or is derived from the proceeds of criminal activity, that property may be subject to forfeiture under several statutory schemes and by several legal mechanisms. *See, e.g., United States v. White*, 13-0436, 2014 WL 3898378, at *2 (D. Md. Aug. 7, 2014) (citing the Civil Asset Forfeiture Reform Act ("CAFRA"), Pub. L. 160-185 (2000), *codified at* 18 U.S.C. § 981 *et seq.*). Unlike civil forfeiture proceedings, CAFRA allows the Government to include forfeiture allegations in an indictment to begin a criminal forfeiture proceeding. *See White*, 2014 WL 3898378, at *2 (citing 18 U.S.C. § 983). Congress created criminal forfeiture as an alternative to civil forfeiture, eliminating the need to bring a separate civil forfeiture proceeding with or after every criminal case. *White*, 2014 WL 3898378, at *2 (citing *United States v. McHan*, 345 F.3d 262, 267 (4th Cir. 2003)). Statutes such as 21 U.S.C. § 853 provide directly for criminal forfeiture when a specific crime is committed. *White*, 2014 WL 3898378, at *2. Defendants convicted of certain drug crimes, for instance, shall forfeit "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation," and "any of the person's property used, or intended to be used" in furthering such violation. 21 U.S.C. § 853.

When a defendant or third party believes that the United States has improperly seized property, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). The burden is on the moving party to show by a preponderance of the evidence that he or she is entitled to lawful possession of the property. *United States v. Rojas*, 8-48, 2015 WL 5020667, at *5 (E.D. Tenn. Aug. 21, 2015) (quoting 3A Charles Allen Wright & Sara N. Welling, *Federal Practice and Procedure* § 690 (4th ed. 2010)). A person cannot proceed with a Rule 41(g) motion, however,

when there is an avenue for challenging the forfeiture at issue that provides an adequate remedy at law. *Brown v. United States*, 692 F.3d 550, 552 (6th Cir. 2012). It is therefore improper for a defendant to rely on Rule 41(g)—which addresses *civil* forfeitures—in order "to circumvent his obligation to attack the *criminal* forfeiture on direct appeal." *United States v. Nguyen*, 14-65, 2017 WL 4478012, at *3 (W.D. Ky. Oct. 6, 2017) (emphasis added). *See also United States v. Wiese*, 10-51297, 2012 WL 43369, at *1 (E.D. Mich. Jan. 9, 2012) (finding that, because Rule 41(g) is an equitable remedy that is available only when there is no adequate remedy at law, relief under Rule 41(g) is not available when a defendant is himself indicted and can contest the forfeiture in the criminal proceeding); *United States v. Kimball*, 2-53, 2017 WL 2417327, at *4 (M.D. Tenn. Apr. 13, 2017) (stating that "to the extent that Defendant's arguments depend on collaterally attacking the validity of the money judgments against him . . . he waived this claim by not raising it in his previous appeals."). Accordingly, a defendant who does not take a direct appeal "is precluded from challenging the criminal forfeiture of the property identified in the forfeiture order." *Nguyen*, 2017 WL 4478012, at *3 (citing *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007) (rejecting a defendant's challenge to criminal forfeiture order); *Winkelman v. United States*, 494 F. App'x 217, 220 n.4 (3d Cir. 2012) ("[N]either a Rule 41(g) motion nor a civil action under 18 U.S.C. § 983(e) is a proper vehicle for collaterally challenging a criminal judgment of forfeiture.")).

Here, Gibbs's putative property was subject to criminal forfeiture, not a civil forfeiture. *See White*, 2014 WL 3898378, at *2. Because Gibbs did not take a direct appeal of the forfeiture issue, *see Gibbs*, 646 F. App'x 403, he therefore is precluded from challenging the criminal forfeiture of the property identified in the forfeiture order. *Nguyen*, 2017 WL 4478012, at *3. He

6

may not use Rule 41(g), which addresses civil forfeitures, in order to circumvent his waiver of this issue on appeal.  *See id.*

Moreover, even if Defendant's claim did involve a civil forfeiture, he is not entitled to relief pursuant to Rule 41(g).  *See United States v. One 1974 Learjet*, 191 F.3d 668, 673 (6th Cir. 1999) (civil forfeiture).  In *Learjet*, the United States filed a Verified Complaint of Forfeiture In Rem.  *Id.* at 671.  In response, the claimant filed a motion pursuant to Rule 41(e)[3] claiming that a jet seized by DEA agents operated as a legitimate air taxi service and was not used to smuggle marijuana.  The Sixth Circuit determined that "even when the initial seizure is found to be illegal, the seized property can still be forfeited[.]"  *Id.* (citing *United States v. Daccarett*, 6 F.3d 37, 46 (2d Cir. 1993), *cert. denied*, 510 U.S. 1191 (1994)).  As a result, "[a]fter the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use [Rule 41(g)], but instead must submit to the statutory procedures governing civil forfeiture proceedings."  *Learjet*, 191 F.3d at 673 (citing *Shaw v. United States*, 891 F.2d 602, 603-04 (6th Cir. 1989)).

Here, just as in *Learjet*, Defendant's averment that the seized property was used for legitimate purposes fails to establish that he is entitled to relief pursuant to Rule 41(g).  Defendant's opportunity to assert his property rights has expired.  The record demonstrates that the United States initiated forfeiture proceedings prior to the filing of the subject Motion.  (*See* R. 21, R. 108).  The initial Indictment served on Defendant Gibbs expressly included a forfeiture action pursuant to 21 U.S.C. § 853.  (*See* R. 21).  An indictment provides sufficient notice of a forfeiture proceeding in compliance with due process requirements.  *See, e.g., United States v. Kimball*, 680 F. App'x

---

[3] Rule 41(e) is now 41(g).  *See Brown v. United States*, 692 F.3d 550, 552 (6th Cir. 2012); *De Almeida v. United States*, 459 F.3d 377, 380 n.2 (2d Cir. 2006) ("Previously, the subsection addressing motions to return property was Rule 41(e).  In 2002, this subsection was redesignated Rule 41(g) without substantive change.").

435, 437 (6th Cir. 2017) (finding that a third superseding indictment provided sufficient notice of a forfeiture proceeding); *United States v. Burks*, 49 F. App'x 573, 575 (6th Cir. 2002) ("Due process can be satisfied by mailing notice of a forfeiture to a defendant's criminal attorney while the underlying criminal proceeding is pending"). Defendant fails to assert that he lacked notice. Further, Defendant failed to raise the issue of forfeiture at rearraignment, in his Objections to the PSR (R. 144, at 17), or at sentencing. (*See* R. 145, R. 148).

Once property has been judicially forfeited in a criminal case, the Defendant's only remedy is a direct appeal of this aspect of the sentence imposed by the Court. Here, Defendant Gibbs appealed his sentence, asserting that "the district court committed error by enhancing his sentence for possession of a firearm and for his leadership role in the conspiracy, incorrectly determining the amount of cocaine attributable to him, and denying his request for certain discovery from other criminal cases." *Gibbs*, 646 F. App'x at 404. Defendant's appeal failed to challenge the forfeiture of any of the property he now seeks to reclaim. *See id*. Defendant Gibbs's appeal was ultimately denied and his sentence was affirmed, foreclosing his opportunity to address his claims. *Id.* Gibbs may not sidestep this fact by seeking to file a Rule 41(g) motion. As a result, Defendant is barred from relying on Rule 41(g) for relief.

### III.   CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's Motion (R. 158) be **denied**.

Specific objections to this Report and Recommendation must be filed within **fourteen (14)** days of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

8

Dated this 2nd day of January, 2018.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

Case: 2:14-cr-00021-DLB-CJS   Doc #: 167   Filed: 01/02/18   Page: 9 of 9 - Page ID#: 985