UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 2:14-CR-21-DLB-EBA-1

UNITED STATES OF AMERICA,                               PLAINTIFF,

V.             **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

GERALD GIBBS,                                                 DEFENDANT.

## INTRODUCTION

Defendant Gerald Gibbs pled guilty and was convicted under 21 U.S.C. § 846 for conspiracy to distribute cocaine. [R. 135]. Defendant was sentenced to eighty-seven (87) months of imprisonment to be followed by three (3) years of supervised release. [*Id.*; R. 153; R. 163]. Defendant now challenges the imposition of that sentence in his *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [R. 153; R. 163]. The matter is ripe for decision, following the submission of Defendant's Supplemental Motion, [R. 163; R. 164]; the United States' Response, [R. 165]; and the Defendant's Reply, [R. 166]. For the reasons set forth below, the undersigned recommends that Defendant's Motion to Vacate, [R. 153], be denied, and that this action be dismissed with prejudice and stricken from the docket.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

Following Defendant's guilty plea, [R. 60; R. 148], and sentencing, [R. 131; R. 135; R. 145], Defendant filed an appeal of his sentence enhancements, *United States v. Gibbs*, 646 F. App'x 403 (6th Cir. 2016). He lost. Now, Defendant has filed this Motion to Vacate, wherein he makes two primary arguments. First, Defendant alleges his counsel failed to properly investigate and understand the law of conspiracy, leading to said counsel's failure to object to an

unconstitutionally vague indictment. Second, Defendant alleges his counsel's insufficient knowledge of conspiracy led his counsel to misadvise Defendant into pleading guilty to a crime he did not commit, or at least one that could not have been proven at trial. [R. 153-1 at 3]. Finally, Defendant alleges his counsel was ineffective with regard to plea negotiation. Generally, Defendant believes that he would have received a lower sentence had he entered a plea agreement with the United States. Likewise, Defendant believes his plea in open court resulted in his receipt of a higher sentence than he might have received following a plea deal. [*Id.* at 8]. Defendant reiterated these same arguments in his Supplemental Motion to Vacate and in his Reply. [R. 163; R. 163-1; R. 166]. The United States refutes both of Defendant's arguments and Motions. [R. 165].

First, the United States argues the indictment against Defendant was valid, so any objection by Defendant's counsel would have failed. "The indictment alleged that Gibbs and his co-defendants 'did conspire together and with others to knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine.' This mirrors the statutory language of 21 U.S.C. §§ 841(a)(1) and 846. . . . Nothing more was required." [R. 165 at 4–5 (internal citations omitted)]. Second, the United States notes the existence of adequate evidence for the conviction of Defendant by jury of the same crime he pled too in open court and that Defendant's counsel did not misadvise Defendant to plead guilty. [*Id.* at 2–4]. Finally, the United States argues Defendant's counsel was not ineffective with regard to Defendant's plea negotiation. "The circumstances reveal that Gibb's decision to plead guilty without a written agreement was a strategic one based on his refusal to agree to the terms in the proposed plea agreement. . . . The fact that Gibbs took a gamble and lost does not equate to ineffective assistance on the part of his former counsel." [*Id.* at 6 (citing *McMann v. Richardson*, 397 U.S. 759, 770 (1970); *Lafler v. Cooper*, 132 S.Ct. 1376, 1391 (2012))]. "Moreover, Gibb's

2

former attorney 'advised him . . . on the law, the sentencing guidelines, and the effect of other variables that may be involved in their case.' Thereafter, counsel 'let [Gibbs] make the decision on whether or not to accept [the] plea offer.'" [*Id.* (citing 165-1, *Affidavit of Defendant's Former Counsel*)].

## ANALYSIS OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Defendant brings his Motion to Vacate under 28 U.S.C. § 2255. Section 2255(a) provides that a prisoner in custody under a sentence of a United States Court may petition that court to amend his or her sentence upon the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, that the court imposing the sentence lacked jurisdiction to do so, that the sentence is excessive, or that the sentence is otherwise subject to collateral attack. Such a defendant must sustain any allegation by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence."); *see also Pough v. United States*, 442 F.3§d 959, 964 (6th Cir. 2006). If alleging a constitutional error, such a defendant must show the error "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Alternately, if alleging a non-constitutional error, such a defendant must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

Ineffective assistance of counsel is a constitutional ground on which a sentence may be challenged under Section 2255. *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). In evaluating such a challenge,

the Sixth Circuit applies the two-prong test established in *Strickland*. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005); *see also Strickland*, 466 U.S. at 687. Under *Strickland*, a defendant first must show his or her counsel was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, a defendant must show the deficient performance *actually* prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id. Both* elements must be shown. Thus, not only must the attorney's performance have been deficient, but that specific deficiency must also have been the antecedent without which the Defendant's sentence would not have been imposed. *Id.*

It is true that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688. Nonetheless, an attorney representing a criminal defendant does have some specific, articulable duties. All attorneys owe their clients a duty of loyalty; a duty to avoid conflicts; a duty to advocate, inform, and consult; and counsel has a duty "to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process." *Id.* In evaluating an attorney's duties to his or her client and the sufficiency of an attorney's performance of them, however, courts must be highly deferential. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.*; *see also Engle v. Isaac*, 456 U.S. 107, 133–34 (1982); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2009). Indeed, there is a *presumption* of adequate representation. "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quotation and citation omitted).

## I. Whether Defendant's Indictment was Flawed, and Whether Defendant's Attorney was Ineffective for Failing to Object

### A. Whether Defendant's Indictment was Flawed

Defendant alleges his counsel advised him to plead guilty to charges listed in a flawed indictment, including conspiracy to distribute cocaine under 21 U.S.C. § 846. [R. 153-1 at 3]. Defendant believes his attorney should have objected to the indictment as insufficient in some manner. "The Indictment does not meet constitutional muster for failure to charge an 'essential element' of the offense, the agreement . . . . [B]ecause the Indictment fails to charge an essential element of a 'narcotic conspiracy' it fails to charge that offense." [*Id.* at 6]. As noted by the United States, "Gibb's assertion, however, misses the mark." [R. 165 at 3]. The indictment against Defendant was not flawed. Count one of the indictment lists the conspiracy charge against Defendant, citing the language of the statutes under which Defendant's conviction fell:

**COUNT 1**
**21 U.S.C. § 846**

From on or about a day in January 2014 and continuing through or on about April 8, 2014 in Madison County, in the Eastern District of Kentucky, and elsewhere,

**GERALD GIBBS,**
**WILLIAM SLATER, and**
**RANDY KIRK**

did conspire together and with others to knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, violations of 21 U.S.C § 841(a)(1), all in violation of 21 U.S.C. § 846.

[R. 21, *Indictment*, at 1]. Likewise, the statutes under which Defendant's conviction fell, incorporated by direct reference, provide:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
    (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

5

21 U.S.C § 841(a)(1).

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846. The plain language of the indictment, paired with the statutes incorporated therein, adequately describes the charge of conspiracy to distribute a controlled substance against Defendant. *See United States v. Clinkscale*, 86 F.Supp.2d 780, 783 (N.D. Ohio 2000).

Nonetheless, Defendant takes issue with the fact that neither the indictment nor the statutes incorporated by reference therein use the words 'agreement' or 'willfully.' [R. 153-1 at 6; *id.* at 8]. But "[t]he law does not compel a ritual of words. The validity of an indictment is governed by practical, not technical considerations." *United States v. Devoll*, 39 F.3d 575, 579 (5th Cir.1994). As such, the term 'agreement' is not necessarily required to allege conspiracy, so long as the indictment sufficiently apprises a defendant of the charge. *See Russell v. United States*, 369 U.S. 749, 764 (1962). Further, 21 U.S.C. § 846, the statute under which Defendant's conspiracy conviction fell, is titled "Attempt and Conspiracy." And the term 'conspiracy' is used in the indictment itself. [R. 21, *Indictment*, at 1]. There is simply no vagueness to the charge.

The plain language of Defendant's indictment and the statues incorporated by reference therein are sufficient to charge a conspiracy. *United States v. Clinkscale*, 86 F.Supp.2d 780, 783 (N.D. Ohio 2000) ("An indictment that follows the statutory language is generally sufficient to satisfy the requirements of due process, but it need not quote the statute verbatim.") (citing *United States v. Andrews*, 754 F.Supp. 1189, 1192 (N.D. Ill. 1990)). There is simply no viable argument that Defendant's indictment was unconstitutionally vague or flawed. *Id.*

6

## B. Whether Defendant's Attorney was Ineffective for Failing to Object

Defendant alleges his counsel was ineffective for failing to object to the charges filed against him in the indictment. "[T]here can be no doubt that counsel was ineffective for his failure to research and investigate the law in this area. Gibb's conviction and sentence must be reversed and vacated due to an invalid indictment." [R. 153-1 at 8]. As previously discussed, however, the indictment against Defendant was not flawed. *United States v. Clinkscale*, 86 F.Supp.2d 780, 783 (N.D. Ohio 2000). As such, Defendant's counsel cannot be said to be ineffective for failing to object to the valid indictment. Such an objection would have failed. "By definition," counsel cannot be ineffective for a failure to raise an issue that lacks merit. *See Greer v. Mitchell*, 264 F.3d 663, 677 (6th Cir. 2001).

## II. Whether Defendant's Attorney was Ineffective for Misadvising Defendant on the Evidence Against Him

Throughout his Motion to Vacate, Defendant is consistent in alleging that the evidence was insufficient for a jury to find Defendant conspired to distribute cocaine. [*See generally* R. 153-1; R. 163-1; R. 166]. Specifically, however, Defendant alleges there was insufficient evidence in the case against him to establish anything more than a buyer-seller relationship and that his counsel was ineffective for advising him otherwise. "It is obvious to the most casual of observers that the evidence in this case establishes no more than a Buyer-Seller relationship and Gibbs at times acting as a *middle-man* between the CI [Confidential Informant] and his alleged co-defendants Kirk and Slater." [R. 153-1 at 5 (emphasis added)]. Even setting aside the fact that Defendant's statement within his motion that he acted as a "middle man" for purposes of distributing drugs, [*Id.*], is alone sufficient to establish a conspiracy to distribute under 21 U.S.C. § 846, this Court can find no support to sustain Defendant's contention.

7

The "buyer-seller" rule is an exception to the general conspiracy rule, which provides that where the purchaser of illicit substances is also the ultimate user of those substances, and there is an absence of evidence tending to show an agreement to distribute with others, conspiracy will not be found. *See United States v. Anderson*, 89 F.3d 1306, 1310–11 (6th Cir. 1996); *United States v. Cole*, 59 F. App'x 696, 699 (6th Cir. 2003); *United States v. Dietz*, 577 F.3d 672, 680–81 (6th Cir. 2009). In some cases, this remains true even if the buyer-user sells some of the narcotics to another, so long as there is no evidence of an agreement to distribute with the original seller. *See United States v. Layne*, 192 F.3d 556, 567 (6th Cir. 1999). Here, however, there is ample evidence to support an inference of conspiracy; Defendant plainly stipulated as much at his Rearraignment, as discussed. Most simply,

> THE COURT: Mr. Gibbs, did you conspire with Mr. Kirk and/or Mr. Slater to distribute cocaine during the time frame alleged in the indictment in Mason County?
>
> DEFENDANT: Yes, sir.

[R. 148, *Transcript of Rearraignment*, at 41 ¶ 9–12]. Defendant has failed to demonstrate that he was involved in merely a buyer-seller relationship. In any case, he admitted he was not at his Rearraignment. [*Id.*; *see also id.* at 40 ¶ 14–42 ¶ 25].

"To establish a drug conspiracy, the government must prove (1) an agreement to violate drug laws; (2) knowledge and intent to join the conspiracy; and (3) participation in the conspiracy." *United States v. Layne*, 192 F.3d 556, 567 (6th Cir. 1999). "In a § 846 conspiracy, [however], the government must show the willful formation of a conspiracy and the willful membership of the defendant in the conspiracy, but need not prove that defendant committed an overt act in furtherance of the conspiracy." *Layne*, 192 F.3d at 567 (citing *United States v. Spearman*, 186 F.3d 743, 745–47 (6th Cir. 1999) (citing *United States v. Bourjaily*, 781 F.2d 539, 544 (6th Cir. 1986))).

8

Further, "the government need not prove an actual agreement." *Id.*; *see also United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005). Rather, an agreement may be inferred through circumstantial evidence. *Layne*, 192 F.3d at 567; *United States v. Sliwo*, 620 F.3d 630, 633 (6th Cir. 2010); *United States v. Deitz*, 577 F.3d 672, 677 (6th Cir. 2009).

With all of this in mind, [R. 148, *Transcript of Rearraignment*, at 40 ¶ 14–41 ¶ 8], Defendant stipulated the following:

> THE COURT: Mr. Gibbs, did you conspire with Mr. Kirk and/or Mr. Slater to distribute cocaine during the time frame alleged in the indictment in Mason County?
>
> DEFENDANT: Yes, sir.
>
> . . .
>
> THE COURT: Did you have an agreement to possess or distribute cocaine during that time frame? That's what you're pleading guilty to, a conspiracy.
>
> DEFENDANT: Yes, sir.
>
> THE COURT: [Defining conspiracy] . . . knowing how conspiracy is defined, you did conspire with Mr. Slater and/or Mr. Kirk and/or others to distribute and possess with intent to distribute cocaine within the time alleged; did you not?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Sufficient factual basis?
>
> DEFENDANT: Yes, sir.

[*Id.* at 41 ¶ 9–12; *id.* at 41 ¶ 19–22; *id.* at 42 ¶ 13–17]. Where Defendant understood the definition of conspiracy and voluntarily and knowingly stipulated facts in open court sufficient to find that he was involved in a conspiracy to distribute cocaine, Defendant cannot rationally claim that his attorney was ineffective for failure to advise Defendant of the evidence against him. [*Cf.* R. 165-1, *Affidavit of Defendant's Former Counsel*]. As such, Defendant's second argument, [R. 165 at 2–4], must fail.

### III. Whether Defendant's Attorney was Ineffective at Plea Negotiation

Defendant's final claim in support of his contention that his counsel was ineffective is that his counsel failed to adequately advise him during plea negotiations. "On 12/23/14 a plea agreement was filed into the record in [this] case. Counsel for defendant Gibbs was ineffective for advising Gibbs to reject this plea and plea openly before this Court." [R. 153-1 at 8]. Counsel for Defendant, however, refutes this statement directly in his affidavit. "Gerald Gibbs, my former client in the above-styled case, has said that I advised him to reject the plea offer that was made to him. I deny that I advised him to reject a plea offer." [R. 165-1, *Affidavit of Defendant's Former Counsel*]. Rather, "I advised him, as I do all of my clients, on the law, the sentencing guidelines, and the effect of other variables that may be involved in their case and let them make the decision on whether or not to accept a plea offer." [*Id.*].

In his Reply, [R. 166], Defendant includes an affidavit of his own, [R. 166-1, *Affidavit of Defendant*], reciting events occurring at and prior to his Rearraignment, [R. 148]. Defendant's affidavit recites that his attorney explained how pleading would work, what the charges were and could be if Defendant did not plead guilty, and what Defendant's possibilities were through rejecting the plea agreement. [R. 166-1, *Affidavit of Defendant*]. "[My attorney] told me by not taking the former plea agreement and by doing [an] open plea I could get less time if I was to win one or more of my enhancement arguments and I would keep my appeal rights." [*Id.*]. Nowhere in his affidavit, however, does Defendant claim that his decision to enter an open plea versus plea pursuant to a plea agreement was involuntary or coerced. [*Id.*]. This is consistent with the facts recited in counsel for Defendant's affidavit, and inconsistent with Defendant's initial claims in his Motion to Vacate. [*Compare* R. 165-1, *Affidavit of Defendant's Former Counsel*, *with* R. 166-1, *Affidavit of Defendant*, *and* R. 153-1 at 8]. The transcript of Defendant's Rearraignment, [R. 148],

10

provides further information, all of which leads to the conclusion that Defendant's decision to plead guilty to conspiracy to distribute cocaine under 21 U.S.C. § 846 was entirely his own:

> [Preceding questions of Defendant's coconspirator]
>
> THE COURT: Mr. Gibbs, same question. Has anyone forced you into entering this plea?
>
> DEFEDANT: No, sir.
>
> THE COURT: Has anyone made any exact promises to you as to what your sentence would be if you pled guilty, as opposed to go to trial?
>
> DEFENDANT: No, sir.
>
> THE COURT: Has anyone threatened you in any way in an effort to induce you to plead guilty?
>
> DEFENDANT: No, sir.

[R. 148, *Transcript of Rearraignment*, at 13 ¶ 12–21].

Rather than proceed to trial, Defendant voluntarily and informedly chose to openly plead guilty to conspiracy to distribute cocaine. [*Id.*; *id.* at 33 ¶ 18–34 ¶ 3; *id.* at 36 ¶ 7– 18; *id.* at 38 ¶ 19–41 ¶ 2]. Likewise, Defendant voluntarily chose to reject the plea agreement offered him by the United States. [*Id.* at 9–10 ¶ 19–19]. As such, following his plea in open court, Defendant was sentenced to a longer term of imprisonment than he believes he might have been had he plead pursuant to a plea agreement, which Defendant believes would have recommended a lighter sentence to the court. [*Id.*; *id.* at 26 ¶ 11–14; *see also id.* at 26 ¶ 17–29 ¶ 13]. As noted by the United States, however, where all of those actions were voluntary on the part of Defendant, "[t]he fact that Gibbs took a gamble and lost does not equate to ineffective assistance on the part of his former counsel." [R. 165 at 6].

At his Rearraignment, Defendant stipulated his satisfaction with his attorney's performance:

>THE COURT: Are each of you satisfied with your lawyers?
>
>DEFENDANT: Yes, sir.

[R. 148, *Transcript of Rearraignment*, at 9 ¶ 9–11]. Now, Defendant seeks to refute his previous statements with this Motion to Vacate. Based on the evidence contained in the Record, with the addition of his attorney's affidavit, compared with Defendant's own affidavit, it does not appear Defendant's counsel was deficient in any way. [*Compare* R. 165-1, *Affidavit of Defendant's Former Counsel*, *with* R. 166-1, *Affidavit of Defendant*]. Nowhere does Defendant provide evidence that his decisions were involuntary, [*See generally* R. 153-1; R. 163-1; R. 166], and the transcript of Defendant's Rearraignment belies his claims, [R. 148, *Transcript of Rearraignment*, at 13 ¶ 12–21]. Defendant made his own decisions. Defendant chose the manner in which to litigate his case, [R. 166-1, *Affidavit of Defendant*], with the competent advice of his attorney, [R. 165-1, *Affidavit of Defendant's Former Counsel*]. That is exactly how litigation is supposed to work. Counsel for Defendant cannot be ineffective on that basis. *Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable;" "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.").

This Court, assuming for sake of argument the deficient performance of Defendant's attorney, also can find no prejudice here. Defendant admitted his guilt and stipulated there was a sufficient factual basis for a jury to convict him. [R. 148, *Transcript of Rearraignment*, at 42 ¶ 13–17]. The court ensured Defendant understood the consequences of his statements and his potential sentence. [*See generally* R. 148, *Transcript of Rearraignment*]. In the presence of an adequate Fed. R. Civ. P. 11 colloquy, which existed in this case, and of which Defendant makes no mention, no

prejudice can be found to have existed, even in the presence of defective counsel. *Sepulveda v. United States*, 69 F. Supp. 2d 633 (D.N.J. 1999) (holding that an adequate Fed. R. Crim. P. 11 colloquy "eliminates any arguable prejudice" in an ineffective assistance of counsel claim with regard to the outcome of a guilty plea); *see also United States v. Stephens*, 906 F.2d 251, 253 (6th Cir. 1990).

"The established general rule is that where an adequate guilty plea hearing has been conducted, an erroneous prediction or assurance by defense counsel regarding the likely sentence does not constitute grounds for invalidating a guilty plea on grounds of ineffective assistance of counsel." *Sepulveda*, 69 F. Supp. 2d at 641. For "[t]he question, of course, is not whether counsel was topnotch, but whether he or she functioned at the level required by the Sixth Amendment." *Greer v. Mitchell*, 264 F.3d 663, 673 (6th Cir. 2001). Defendant has failed to overcome the presumption of adequate counsel at plea negotiation. And, even assuming inadequate counsel, no prejudice can be said to have resulted, because of the court's Fed. R. Civ. P. 11 colloquy. *Sepulveda*, 69 F. Supp. 2d 633.

## CONCLUSION

Although it is the duty of this Court to review Defendant's *pro se* Motion to Vacate, according to "less stringent standards than formal pleadings drafted by lawyers," there is no question that Defendant has failed to state a basis on which his Motion to Vacate should be granted. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Strickland v. Washington*, 466 U.S. 668 (1984). Defendant has failed to support his allegation of ineffective assistance of counsel. Accordingly, the undersigned recommends that Defendant's Motion to Vacate, [R. 153], be denied. Likewise, the undersigned also recommends that this action be dismissed with prejudice and stricken from the docket.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 3rd of January, 2018.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge